**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **PATRICIA LEVY,**<br><br>**Plaintiff,**<br><br>– against –<br><br>**SPRUNG MEMORIAL GROUP, INC. d/b/a SPRUNG MONUMENTS CORP. and ADAM SPRUNG, individually.**<br><br>**Defendant.** | **Case No.:**<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff, **PATRICIA LEVY** ("Plaintiff"), by and through his attorneys, **ZABELL & COLLOTTA, P.C.**, alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against Defendants, **SPRUNG MEMORIAL GROUP, INC. d/b/a SPRUNG MONUMENTS CORP. and ADAM SPRUNG**, ("Defendant")  for age-based discrimination and the unlawful, pretextual constructive discharge of Plaintiff from er employment, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA"), as amended, 29 U.S.C.S. § 623, *et seq.*, and the New York State Human Rights Law (hereinafter "NYSHRL"), N.Y. Exec. Law § 290, *et seq*. (McKinney 1993 & 2001 supp.), and other appropriate rules, regulations, statutes and ordinances.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 12117, and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

3. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1331.

4. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff is eighty-three (83) years old, and was over forty (40) years of age during the relevant time period.

7. Plaintiff was, at all relevant times, a member of the age-protected class.

8. At all times relevant to the Complaint, Plaintiff has been a "person" and an "employee" within the meaning of 29 U.S.C.S. § 630.

9. At all times relevant to the Complaint, Plaintiff has been an "employee" within the meaning of NYSHRL § 292(6), and a "person" within the meaning of § 292(1) of the NYSHRL.

10. Plaintiff is a domiciliary of the State of New York, residing in Suffolk County.

11. Defendant **SPRUNG MEMORIAL GROUP, INC. d/b/a SPRUNG MONUMENTS CORP.** (the "Corporate Defendant" or "Sprung Memorial") is a domestic business corporation duly organized and existing under the laws of the State of New York.

12. Upon information and belief, the Corporate Defendant maintains a place of business located at 1060 NY-109, Lindenhurst, NY 11757.

13. At all times relevant herein, the Corporate Defendant has employed more than fifty (50) employees.

14. Upon information and belief, at all times relevant to the Complaint, Defendant has been an "employer" within the meaning of 42 U.S.C. § 12111(5), and § 292(5) of the NYSHRL.

15. Upon information and belief, at all times relevant to the Complaint, Defendant has been an "employer" within the meaning of 29 U.S.C.S. § 630.

16. On December 29, 2025, Plaintiff filed a Charge of Discrimination against the Corporate Defendant, along with an affidavit, with the Equal Employment Opportunity Commission ("EEOC"). The EEOC Number assigned to the Charge is 520-2026-02183.

17. Upon information and belief, Defendant **ADAM SPRUNG** (the "Individual Defendant" or "Defendant Adam Sprung"), is a domiciliary of the State of New York, residing in Nassau County.

18. At all times relevant herein, the Individual Defendant was the owner and president of the Corporate Defendant.

19. At all times relevant herein, the Individual Defendant had the authority to, and did, determine the terms and conditions of Plaintiff's employment.

## **FACTUAL ALLEGATIONS**

20. Plaintiff was hired by the Corporate Defendant in or around 1969.

21. Plaintiff was hired by Isidore Sprung, the original founder of the company.

22. As Plaintiff worked for the company for a lengthy period of time, she ascended in her duties and title.

23. Plaintiff became the Vice President and Corporate Secretary of Sprung Monuments at some point in the 1980s.

24. Plaintiff held those positions until her employment was terminated in September of 2025.

25. On June 9, 2025 Plaintiff was advised from the Company's President, Defendant Adam Sprung, that she was to work from home that day and not come into the office.

26. Plaintiff asked Defendant Adam Sprung why she was being directed to work from home.

27. Despite my request, Plaintiff was given no reason or explanation for the instruction.

28. On June 15, 2025, Defendant Adam Sprung again directed Plaintiff to work from home for the week.

29. Defendant Adam Sprung expressly instructed Plaintiff not to come into the office for any reason.

30. In response, Plaintiff asked Defendant Adam Sprung when he would be able to speak as Plaintiff was confused as to why she was suddenly being treated in such a manner.

31. Plaintiff again received no response as to why she was being directed to remain at home.

32. Subsequently, on June 17, 2025, Defendant Adam Sprung told Plaintiff that she was not to have any further communication with any office personnel from the company and that all of her communications were to be directed to Allen Perlstein, an attorney for the Corporate Defendant.

33. Plaintiff continued to ask for an explanation as to why she was being treated in such a disrespectful manner after working for the company for fifty-six (56) years.

34. However, all of Plaintiff's communications were ignored and/or disregarded.

35. Per Defendant Adam Sprung's express instructions, Plaintiff continued to remain at home waiting for notification as to when she might be able to return to the office.

36. Instead, on October 2, 2025, Plaintiff was notified by Barbara Doyle, who worked in human resources, that it had been recorded within company records that her employment

was terminated by Defendant Adam Sprung on September 8, 2025.

37. This was shocking to Plaintiff because she was never advised by Defendant Adam Sprung or anyone else at the Company that my employment had been terminated.

38. Plaintiff never received any communications from Defendants advising why her employment was terminated.

39. Even though Plaintiff found herself in a state of shock and disbelief, she felt it would be the right thing at that moment to send flowers and handwritten thank you notes to the Company's office personnel who she had long worked with and who were instrumental in the Company's success.

40. Plaintiff learned soon after that while Defendant Adam Sprung allowed the flowers to be delivered to office personnel, he confiscated each thank you note that Plaintiff had written.

41. Additionally, Plaintiff learned that a former colleague, Lori Acquino, falsely told the other employees that she had "officially retired" from employment.

42. This could not be further from the truth as Plaintiff's employment was terminated for reasons that still have not been communicated to her.

43. Plaintiff fully intended on remaining with the company for the immediate future.

44. In fact, Plaintiff was greatly looking forward to celebrating the Corporate Defendant's 100th anniversary in 2026.

45. Plaintiff was very proud of the fact that she helped see the company succeed for more than half of those 100 years.

46. Plaintiff has never received a negative review of her performance and has never been subjected to discipline based upon any alleged deficiencies in her performance.

47. Furthermore, it is Plaintiff's understanding that her duties and responsibilities have been

assumed by Lori Acquino – a woman in her early forties who is believed to approximately forty (40) years younger than Plaintiff.

48. Based upon the nature of Plaintiff's termination, the fact that the Company falsely represented that she had retired – implicating her age, the fact that she had never received any negative performance reviews, and the fact that she was replaced by a woman approximately half her age, Plaintiff maintains that she was discriminated against and terminated because of her age.

49. As a direct result of termination of employment, Plaintiff has suffered a complete loss of her employment-based income and benefits that she reasonably would have expected to earn but for Defendants' unlawful conduct.

50. Plaintiff seeks back pay from her termination date through the date of judgment, as well as front pay for a reasonable period thereafter, in amounts to be determined at trial. These damages are significant and continuing.

51. Additionally, as a direct and proximate result of Defendant's unlawful age-based discrimination, Plaintiff has suffered, and continues to suffer emotional pain, suffering, humiliation, anxiety, and loss of enjoyment of life, for which she seeks compensatory damages in an amount to be determined by the trier of fact.

52. Moreover, Plaintiff seeks punitive damages, where allowed by statute under the ADEA and NYSHRL, in an amount to be determined by the trier of fact.

**FIRST CLAIM FOR RELIEF**
**(ADEA – Age Discrimination – Against the Corporate Defendant Only)**

60. Plaintiff repeats and realleges each and every allegation contained herein.

61. At all relevant times herein, the Corporate Defendant was an "employer" within the meaning of the ADEA.

62. At all relevant times herein, Plaintiff was an "employee" within the meaning of the ADEA and was a member of a protected class based upon her age.

63. As set forth herein, Plaintiff, who remains qualified for her position, was subject to an adverse employment action when she was terminated from her employment.

64. As set forth herein, the termination of Plaintiff's employment was based, in whole or in part, based upon Plaintiff's age.

65. Based upon the foregoing, the Corporate Defendant discriminated against Plaintiff on the basis of her age in violation of the New York State Human Rights Law.

66. As a proximate result of the Corporate Defendant's discriminatory conduct, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings.

67. As a further and proximate result of the Corporate Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof.

68. The Corporate Defendant's conduct was undertaken with conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief, an award of punitive damages, compensatory damages, expenses, and attorneys' fees in an amount to be determined at trial.

**SECOND CLAIM FOR RELIEF**
**(NYSHRL – Age Discrimination – Against All Defendants)**

69. Plaintiff repeats and realleges each and every allegation contained herein.

70. At all relevant times herein, Defendants were each an "employer" within the meaning of the NYSHRL.

71. At all relevant times herein, Plaintiff was an "employee" within the meaning of the NYSHRL and was a member of a protected class based upon her age.

72. As set forth herein, Plaintiff, who remains qualified for her position, was subject to an adverse employment action when she was terminated from her employment.

73. As set forth herein, the termination of Plaintiff's employment was based, in whole or in part, based upon Plaintiff's age.

74. As set forth herein, Defendant Adam Sprung was directly involved in the decision to terminate Plaintiff's employment.

75. Based upon the foregoing, Defendants have discriminated against Plaintiff on the basis of her age in violation of the New York State Human Rights Law.

76. As a proximate result of Defendants' discriminatory conduct, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings.

77. As a further and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof.

78. Defendants' conduct was undertaken with conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief, an award of punitive damages, compensatory damages, expenses, and attorneys' fees in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, as a result of the discriminatory and unlawful conduct and actions of Defendants herein alleged, Plaintiff respectfully requests the following relief:

a.  An award of damages against Defendants, in an amount to be determined at trial, plus interest, to compensate for all monetary and/or economic damages;

b.  Defendants, its agents, employees, officers, and successors in interest, be enjoined from engaging in the illegal and unlawful customs, policies, and practices described herein;

c.  Plaintiff be awarded compensatory and punitive damages, where applicable by statute, all in an amount to be determined at trial;

d.  Defendants to be ordered to pay Plaintiff pre and post judgment interest;

e.  Defendants to be ordered to pay the costs and disbursements of this action, including Plaintiff's attorneys' fees; and

f.  Plaintiff be awarded such other and further relief as the Court deems just and proper.

Dated:    Bohemia, New York
          March 25, 2026

Respectfully submitted,

**ZABELL & COLLOTTA, P.C.**

By:    _Ryan Eden_
       Ryan M. Eden, Esq.
       One Corporate Drive, Suite 103
       Bohemia, New York 11716
       Tel:    (631) 589-7242
       Fax:    (631) 563-7475
       reden@laborlawsny.com